

**U.S. SMALL BUSINESS ADMINISTRATION**
RECEIVER FOR STERLING/CARL MARKS CAPITAL, INC.
409 THIRD STREET, S.W., 6TH FLOOR
WASHINGTON, D.C. 20416

**04 MBD 10122**

WRITER'S DIRECT TELEPHONE: (202) 205-7514　　　　　　　FAX NUMBER: (202) 205-6957

April 22, 2004

Mr. Tony Anastas, Clerk of the Court
U.S. District Court　　　　　　　　　　　　　　　VIA UPS 2ND DAY DELIVERY
District of Massachusetts
2300 John Joseph Moakley United States Courthouse
One Courthouse Way
Boston, MA 02210-3002

Re:　United States of America v. Sterling/Carl Marks Capital, Inc.
　　　Civil Action No. CV-04-0937; Judge Arthur D. Spatt

Dear Sir or Madam:

This is to advise you that, in accordance with 15 U.S.C. § 687c, the U.S. District Court for the Eastern District of New York has taken exclusive jurisdiction of Sterling/Carl Marks Capital, Inc., ("Sterling"), and the assets thereof, and has appointed the U.S. Small Business Administration ("SBA"), an agency of the federal government, as the Receiver.

A portion of the property of Sterling may be located in your jurisdiction. We therefore are enclosing for filing copies of the Complaint and Order establishing the Receivership, as required by 28 U.S.C. § 754. Please open as a miscellaneous case filing.

The United States District Court, in an order appointing SBA Receiver for Sterling, stayed all legal proceedings involving Sterling and prohibited the filing of any actions against the Receiver unless permission of the Court is first obtained.

The Receiver is in the process of ascertaining what and where legal proceedings pertaining to Sterling are pending. Should the Receiver learn of relevant legal proceedings within the jurisdiction of your Court, the Receiver will promptly notify you thereof.

We also have enclosed extra copies of the Order and Complaint, which we request that you stamp filed and return in the enclosed self-addressed stamped envelope.

Sincerely,

By: _____
Michele L. Pittman
Chief, Corporate Liquidation and Receivership Operations
Office of Liquidation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>STERLING/CARL MARKS CAPITAL,<br>INC.<br>Defendant. | 04 MBD 10122<br><br>Civil Case No. CV-04-0937<br>(Spatt, J.)<br>(Orenstein, M.J.)<br><br>Order |

## CONSENT ORDER AND JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Pursuant to the provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of Sterling/Carl Marks Capital, Inc. ("Sterling") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Sterling ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshalling and liquidating in an orderly manner all of Sterling's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers, investment advisors and other agents of Sterling under applicable state and federal law, by the Articles of Incorporation, and By-Laws of said corporation, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, employees,

1

managers, investment advisors and agents of Sterling are hereby dismissed. Such persons shall have no authority with respect to Sterling's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Sterling and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, managers, investment advisors, agents, trustees, attorneys, accountants, and employees of Sterling, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Sterling and its assets and all other assets and property of the corporation, whether real or personal. The Receiver will provide reasonable access to all participants with regard to any investment in the Sterling portfolio. The former President, Director and/or other agent of Sterling, shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Sterling as well as the names, addresses and amounts of claims of all known creditors of Sterling. Within thirty (30) days following the entry of this Order, such person shall also furnish a written report describing all assets. All persons having control, custody or possession of any assets or property of Sterling are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors and debtors of Sterling, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation or debt to Sterling, until further ordered by this Court, shall pay all such obligations in accordance with the terms thereof to the

2

Receiver and its receipt for such payments shall have the same force and effect as if Sterling had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Sterling, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6. Sterling's past and/or present officers, directors, agents, accountants, managers, shareholders, employees, debtors and creditors of Sterling and other appropriate persons (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them in compliance with the Federal Rules

of Civil Procedure, and pursuant thereto shall produce any documents as required by the Receiver regarding the business of said corporation, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Sterling. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other discovery concerning the assets, property or business operations of Sterling, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Sterling, the Receiver shall make its discovery request(s) in compliance with the Federal Rules of Civil Procedure.

7. The parties, or any prospective parties, to any and all civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving Sterling or any assets of Sterling, including subsidiaries, partnerships and other business combinations of Sterling, wherever located, or involving Sterling, the Receiver, or any of Sterling's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset. All civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving Sterling or any assets of Sterling,

including subsidiaries, partnerships and other business combinations of Sterling, wherever located, and excluding the instant proceeding, or involving Sterling, the Receiver, or any of Sterling's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

8. Further, as to a cause of action accrued or accruing in favor of Sterling against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against the commencement of legal proceedings is in effect as to that cause of action.

9. Sterling and its past and/or present directors, officers, managers, general or limited partners, agents, investment advisors, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Sterling to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

10. The Receiver is authorized to borrow on behalf of Sterling, from the SBA, up to $100,000 and is authorized to cause Sterling to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear

5

interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall be deemed to be administrative expenses of the Receivership.

11. Judgment is hereby entered in favor of Plaintiff, United States of America, on behalf of its agency, the U.S. Small Business Administration ("SBA"), against Defendant, Sterling, in the principal sum of $26,081,539.19 plus accrued interest through April 8, 2004 in the amount of $304,383.98, with interest continuing to accrue at the *per diem* rate of $4,287.38, for each day after April 8, 2004 up until the date of entry of this Judgment, together with post-judgment interest at the rate allowed by law.

12. SBA shall be appointed Receiver of Sterling based on Sterling's consent.

**SEEN AND AGREED BY STERLING/CARL MARKS CAPITAL, INC. AND THE SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:**

Harvey Granat
President
Sterling/Carl Marks Capital, Inc.

By: Thomas G. Morris
Director, Office of Liquidation
U.S. Small Business Administration

SO ORDERED this 16 day of APRIL 2004.

UNITED STATES DISTRICT COURT JUDGE

6