

**U.S. SMALL BUSINESS ADMINISTRATION**
RECEIVER FOR STERLING/CARL MARKS CAPITAL, INC.
409 THIRD STREET, S.W., 6TH FLOOR
WASHINGTON, D.C. 20416

**04 MBD 10122**

WRITER'S DIRECT TELEPHONE: (202) 205-7514

FAX NUMBER: (202) 205-6957

April 22, 2004

Mr. Tony Anastas, Clerk of the Court
U.S. District Court
District of Massachusetts
2300 John Joseph Moakley United States Courthouse
One Courthouse Way
Boston, MA 02210-3002

VIA UPS 2ND DAY DELIVERY

Re: United States of America v. Sterling/Carl Marks Capital, Inc.
Civil Action No. CV-04-0937; Judge Arthur D. Spatt

Dear Sir or Madam:

This is to advise you that, in accordance with 15 U.S.C. § 687c, the U.S. District Court for the Eastern District of New York has taken exclusive jurisdiction of Sterling/Carl Marks Capital, Inc., ("Sterling"), and the assets thereof, and has appointed the U.S. Small Business Administration ("SBA"), an agency of the federal government, as the Receiver.

A portion of the property of Sterling may be located in your jurisdiction. We therefore are enclosing for filing copies of the Complaint and Order establishing the Receivership, as required by 28 U.S.C. § 754. Please open as a miscellaneous case filing.

The United States District Court, in an order appointing SBA Receiver for Sterling, stayed all legal proceedings involving Sterling and prohibited the filing of any actions against the Receiver unless permission of the Court is first obtained.

The Receiver is in the process of ascertaining what and where legal proceedings pertaining to Sterling are pending. Should the Receiver learn of relevant legal proceedings within the jurisdiction of your Court, the Receiver will promptly notify you thereof.

We also have enclosed extra copies of the Order and Complaint, which we request that you stamp filed and return in the enclosed self-addressed stamped envelope.

Sincerely,

By: _____
Michele L. Pittman
Chief, Corporate Liquidation and Receivership Operations
Office of Liquidation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**04 MBD 10122**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br><br> v. <br><br> STERLING/CARL MARKS CAPITAL, INC. <br> Defendant. | Civil Case No. CV-04-0937 <br> (Spatt, J.) <br> (Orenstein, M.J.) <br><br> Order |

## CONSENT ORDER AND JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Pursuant to the provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of Sterling/Carl Marks Capital, Inc. ("Sterling") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Sterling ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshalling and liquidating in an orderly manner all of Sterling's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers, investment advisors and other agents of Sterling under applicable state and federal law, by the Articles of Incorporation, and By-Laws of said corporation, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, employees,

1

managers, investment advisors and agents of Sterling are hereby dismissed. Such persons shall have no authority with respect to Sterling's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Sterling and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, managers, investment advisors, agents, trustees, attorneys, accountants, and employees of Sterling, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Sterling and its assets and all other assets and property of the corporation, whether real or personal. The Receiver will provide reasonable access to all participants with regard to any investment in the Sterling portfolio. The former President, Director and/or other agent of Sterling, shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Sterling as well as the names, addresses and amounts of claims of all known creditors of Sterling. Within thirty (30) days following the entry of this Order, such person shall also furnish a written report describing all assets. All persons having control, custody or possession of any assets or property of Sterling are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors and debtors of Sterling, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation or debt to Sterling, until further ordered by this Court, shall pay all such obligations in accordance with the terms thereof to the

Receiver and its receipt for such payments shall have the same force and effect as if Sterling had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Sterling, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6. Sterling's past and/or present officers, directors, agents, accountants, managers, shareholders, employees, debtors and creditors of Sterling and other appropriate persons (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them in compliance with the Federal Rules

of Civil Procedure, and pursuant thereto shall produce any documents as required by the Receiver regarding the business of said corporation, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Sterling. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other discovery concerning the assets, property or business operations of Sterling, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Sterling, the Receiver shall make its discovery request(s) in compliance with the Federal Rules of Civil Procedure.

7.　　The parties, or any prospective parties, to any and all civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving Sterling or any assets of Sterling, including subsidiaries, partnerships and other business combinations of Sterling, wherever located, or involving Sterling, the Receiver, or any of Sterling's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset. All civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving Sterling or any assets of Sterling,

including subsidiaries, partnerships and other business combinations of Sterling, wherever located, and excluding the instant proceeding, or involving Sterling, the Receiver, or any of Sterling's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

8. Further, as to a cause of action accrued or accruing in favor of Sterling against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against the commencement of legal proceedings is in effect as to that cause of action.

9. Sterling and its past and/or present directors, officers, managers, general or limited partners, agents, investment advisors, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Sterling to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

10. The Receiver is authorized to borrow on behalf of Sterling, from the SBA, up to $100,000 and is authorized to cause Sterling to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear

5

interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall be deemed to be administrative expenses of the Receivership.

11. Judgment is hereby entered in favor of Plaintiff, United States of America, on behalf of its agency, the U.S. Small Business Administration ("SBA"), against Defendant, Sterling, in the principal sum of $26,081,539.19 plus accrued interest through April 8, 2004 in the amount of $304,383.98, with interest continuing to accrue at the *per diem* rate of $4,287.38, for each day after April 8, 2004 up until the date of entry of this Judgment, together with post-judgment interest at the rate allowed by law.

12. SBA shall be appointed Receiver of Sterling based on Sterling's consent.

**SEEN AND AGREED BY STERLING/CARL MARKS CAPITAL, INC. AND THE SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:**

Harvey Granat
President
Sterling/Carl Marks Capital, Inc.

By: Thomas G. Morris
Director, Office of Liquidation
U.S. Small Business Administration

SO ORDERED this 16 day of APRIL 2004.

UNITED STATES DISTRICT COURT JUDGE

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x
UNITED STATES OF AMERICA,

             Plaintiff,

    -against-

STERLING/CARL MARKS
CAPITAL, INC.,

             Defendant.
---------------------------------x

COMPLAINT

Civil Action No.

CV-04 0937

SPATT, J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 0 4 2004
BROOKLYN OFFICE

COMES NOW, plaintiff, United States of America, on behalf of its Agency, the Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America on behalf of its agency, the Small Business Administration (hereinafter, "SBA" or "Agency"), whose central office is located at 409 3rd Street, S.W., Washington, D.C. 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended, (hereinafter "Act"), Sections 308(d), 311 and 316, 15 U.S.C. §§ 687(d), 687, 687c and 687(h); the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

3. The defendant, Sterling/Carl Marks Capital, Inc. ("Sterling" or "licensee") is a New York corporation whose principal place of business is located at 175 Great Neck Road,

Great Neck, New York. Venue is therefore proper under 15 U.S.C. §§ 687(d) and 687h and 28 U.S.C. §1391(b).

4. The plaintiff, the Small Business Administration (hereinafter "SBA") is an Agency of the United States of America with its central office located at 409 Third Street, S.W., Washington, D.C., 20416.

<u>STATEMENT OF FACTS AND APPLICABLE LAW</u>

5. Defendant, Sterling, was licensed by SBA as a small business investment company ("SBIC") on October 3, 1988, SBA License No. 02/02-0517 under Section 301(c) of the Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the aforesaid Act and the regulations promulgated thereunder.

6. Section 308(c) of the Act, 15 U.S.C. § 687(c), authorizes SBA to prescribe regulations to govern the operations of SBICs under the Act and to carry out the provisions of the Act. The SBA has duly promulgated regulations implementing the Act which are codified at Title 13 of the Code of Federal Regulations, Part 107 (2002) (hereinafter "Regulations").

7. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee may be forfeited and the company may be declared dissolved.

9. Section 311 of the Act 15 U.S.C. § 687c, provides that whenever in the judgment of SBA, a Licensee, or any other person,

3

has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for any injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such Licensee.

10. As of March 1, 2002, the Licensee was indebted to SBA in the amount of $26,218,890.84, ("the Indebtedness") which consisted of principal and interest on six SBA guaranteed debentures.

11. Because of a violation of the Regulations by the Licensee, SBA accelerated Licensee's indebtedness to SBA. SBA and Licensee agreed to enter into a Loan Agreement effective May 1, 2002. The Agreement provided that Licensee would liquidate its portfolio assets in order to pay its Indebtedness to SBA. SBA agreed to restructure the Indebtedness pursuant to the terms of the Loan Agreement. The Loan Agreement is part of the Loan Documents which consist of the Loan Agreement, the Secured Note, the Security Agreement, the Guaranty, the Stipulated Settlement, and the Consent Order and Judgment. A copy of the Loan Documents are attached hereto as Exhibit 1 and incorporated herein by reference.

12. The Loan Agreement provided that the Indebtedness was to be evidenced by a secured note, effective May 1, 2002, duly executed on behalf of Licensee, payable to SBA in the principal amount of $26,553,848.55 and having a term of 60 months. As part of the Loan Agreement, the assets of Licensee are pledged to SBA pursuant to a Security Agreement. The Note is also secured by the guaranty of Robert Davidoff, in the amount of $2,500,000 ("Guaranty"). If, however, SBA moved to place Licensee in a receivership due to a material adverse change in its net worth, pursuant to paragraph 12(e) of the Loan Agreement within 18 months from the effective date of the loan agreement and SBA places Licensee in a receivership as a result thereof, then said Guaranty would be reduced to $1,500,000. The parties executed that note. The Loan Agreement allowed Sterling to accrue the interest for the first year of the note and required that at the end of the first year, a new Secured Note for a term of 48 months will be executed based on the then outstanding principal balance and the capitalized first year's interest. That Secured Note was executed effective May1, 2003 and made payable to SBA in the amount of $28,147,079.46. That Secured Note is part of Exhibit 1 and incorporated herein by reference.

13. The Loan Agreement also includes a Stipulated Settlement which provides that findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure are hereby waived. The Stipulated Settlement also

provides that the Defendant waives any right it may have to contest the validity of the Consent Order and Judgment and that the Order may be presented by plaintiff to the Court for signature and entry notice, however, the United States will provide notice of entry to Defendant. The Consent Order and Judgment provides in part, that pursuant to the "provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of Sterling/CarlMarks Capital, Inc.("Sterling") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Sterling..." The Order also provides for the entry of judgment against Sterling. The Consent Order and Judgment has been signed by Harvey Granat, President of Sterling/Carl Marks Capital, Inc. Sterling remains subject to SBA's regulations.

14. Paragraph 12 enumerates the Events of Default for the Loan Agreement and provides that if any one or more of the stated Events of Default enumerated in the agreement occur and remain uncured for a period of forty-five (45) days after Licensee shall have received written notice and such default shall have remained uncured, the entire unpaid balance of the principal and interest of the Secured Note and all other obligations and indebtedness of the Licensee to SBA shall become immediately due and payable without the necessity of any demand, presentment, protest or notice upon the Licensee, all of which are expressly waived by

Licensee. As a result of a default SBA may, in its sole discretion, enforce the previously signed Consent to Receivership and apply to the U.S. District Court for the appointment of SBA as Receiver and for a money judgment.

15. Pursuant to 12(e) a material adverse change in the financial condition of Licensee's operations including but not limited to, any material reduction, other than releases for pay-offs or approved Dispositions, in the net worth of the Licensee, defined as assets less liabilities as defined on SBA Form 468 or any act of the Debtor which in the reasonable opinion of SBA imperils the prospect of full performance or satisfaction of the Debtor's Obligations herein. For purposes of this subsection, a material adverse change shall mean that the value of Licensee's assets is $6,000,000 less than the outstanding balance of the Indebtedness, the net worth to be determined semi-annually based on SBA valuation guidelines.

16. By letter dated August 27, 2003, SBA informed Sterling that their audited financial statements dated June 30, 2003 reflected a material adverse change in their financial condition which constituted an Event of Default under paragraph 12(e) of the Loan Agreement. SBA informed Sterling that because of the default, SBA had determined to place Sterling in receivership. SBA also agreed that the Guaranty would be reduced to $1,500,000. By letter dated December 8, 2003, SBA made formal demand for payment of the Guaranty amount because of the default of the Loan

Agreement due to the material adverse change in Sterling's financial condition. Copies of the letters are attached hereto as Exhibit 2.

17. As of January 28, 2004, Sterling was indebted to SBA in the total amount of $26,081,539.19. Interest continues to accrue at the rate of 6%, $4,287.38 per diem. A copy of the SBA Certified Statement of Account as January 28, 2004 is attached hereto as Exhibit 3 and incorporated herein by reference.

## COUNT ONE
### Default of a Loan Agreement

17. Paragraphs 1 through 16, above, are hereby incorporated by reference as though set for in their entirety herein.

18. As described above, Sterling has violated SBA's regulations. As a result, SBA and Sterling entered into a loan agreement and SBA agreed to restructure Sterling's indebtedness to SBA in the form of a secured note.

19. Sterling admits that there is a material adverse in its financial condition which constitutes an event of default and entitles SBA to the requested and agreed upon relief of the appointment of SBA as Receiver of Sterling.

## COUNT TWO
### Failure to comply with terms of a written agreement

20. Section 107.1810(f)(7) provides that nonperformance of any terms or conditions of any agreement with SBA will constitute an event of default with an opportunity to cure.

21. As described above, Sterling has defaulted on the loan

agreement with SBA, thereby failing to perform a term and a condition of an agreement with SBA. Sterling has failed to cure this violation. This default constitutes a violation of this regulation which entitles SBA to the requested and agreed upon relief of the appointment of SBA as Receiver of Sterling.

CONCLUSION

WHEREFORE, PLAINTIFF PRAYS:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Sterling its officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursement of defendant's funds; (2) using, investing, conveying, disposing, executing, or encumbering in any fashion any or all funds or assets of the defendant, wherever located; or, (3) violating the Act and the Regulations promulgated thereunder;

B. That this Court determine and adjudicate Sterling's noncompliance with, and violation of the Act, and Regulations promulgated thereunder;

C. That this Court take exclusive jurisdiction of Sterling, and all its assets, wherever located, appoint the SBA as permanent receiver of Sterling for the purpose of liquidating all of defendant's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court,

and pursuing all causes of action available to Sterling against third parties;

D. That this Court direct the entry of an order of judgment against Sterling for the total sum of $26,081,539.19, which consists of the outstanding obligation to SBA as of January 28, 2004, plus interest which accrues at the rate of 6%, $4,287.38 per day to the date of entry of judgment and with interest as allowed by law from the date of entry of judgment.

E. That upon the Receiver's request, this Court revoke Sterling's license to operate as an SBIC.

F.   That this Court grant such other and further relief as may be deemed just and equitable.

Dated:   Brooklyn, New York
         March 4, 2004

>ROSLYNN R. MAUSKOPF
>United States Attorney
>Eastern District of New York
>1 Pierrepont Plaza, 14th Fl.
>Brooklyn, New York 11201
>
>By: *[signature]*
>William Young (WY9160)
>Special Assistant U.S. Attorney
>(718) 254-6057
>
>
>United States Small Business
>Administration
>
>By: *[signature]*
>Arlene P. Messinger (APM1280)
>Assistant General Counsel for SBIC
>                      Enforcement
>Small Business Administration
>409 3rd Street, S.W.
>7th Floor
>Washington, D.C.  20416
>(202) 205-6857
>
>
>Attorneys for Plaintiff